UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WEI QIANG CHEN, individually and as Personal Representative of the Estate of Yan Juan Chen, a/k/a ALICE YAN JUAN CHEN, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 16-cv-10735-IT |
| SHIAO-YU LEE, QIYUE HU, MUNEED AHMED, JAHANNES ROEDL, JENNIFER NI MHUIRCHEARTAIGH, And BETH ISRAEL DEACONNESS MEDICAL CENTER | * * * * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

June 21, 2016

TALWANI, D.J.

Presently before the court is a Motion to Dismiss Count VIII [#7] filed by the defendant, the United States of America. The Motion to Dismiss Count VIII is GRANTED without prejudice, and the case is remanded to Norfolk Superior Court.

Following the death of his wife, Plaintiff Wei Qiang Chen, individually and as personal representative of the estate, filed the underlying action in Norfolk Superior Court asserting several tort claims against defendants alleged to have been responsible for a portion of his wife's medical care. On April 8, 2016, the Superior Court granted Plaintiff's motion to add Dr. Qiyue Hu ("Dr. Hu") as a defendant. Dr. Hu worked at the South Cove Community Health Center, a Federally Supported Health Centers Assistance Act facility, and is considered an employee of the United States. Notice of Substitution [#5-1].

Civil actions brought against United States employees, working within the scope of employment, are deemed actions against the United States. 28 U.S.C. § 2679(d)(1). Accordingly, Dr. Hu removed the case and this court allowed the United States to substitute itself as a party. Notice of Removal [#1], Notice of Substitution [#5], Order [#6].

Thereafter, the United States moved to dismiss the complaint for failure to exhaust administrative remedies. [#7]. Per the United States, medical malpractice claims, such as this, are governed by the Federal Tort Claims Act ("FTCA"). Mem. Supp. Mot. Dismiss 3 [#8]; 28 U.S.C. § 1346, 28 U.S.C. §§ 2671-2679. The FTCA bars any medical malpractice claim to proceed against the United States unless the claim was first submitted to the appropriate Federal agency. 28 U.S.C. § 2675(a). The United States argues that to date, the Department of Health and Human Services' ("HHS") database does not show that Plaintiff filed an administrative claim, and accordingly Count VIII of Plaintiff's complaint must be dismissed. Mem. Mot. Dismiss 2 [#8].

Plaintiff does not dispute that the claims against Dr. Hu are governed by the FTCA, but argues that "a timely administrative claim has been constructively submitted to HHS." Pl.'s Opp'n to Mot. Dismiss 2 [#9]. After serving a motion to amend the complaint and add Dr. Hu, Plaintiff received a letter from Attorney Lawrence P. Murray, outside counsel for South Cove Community Health Center. Id. at 1. The letter states in pertinent part, "[p]lease be advised that South Cove is a federally qualified health center and is deemed covered under the Federal Tort Claims Act. The US Department of Health and Human Services, Office of the General Counsel, has been notified of your motion. We request that you grant the customary 60 day extension to respond to your motion <u>in order to provide the United States the time to administratively process</u>

this claim." Attorney Murray Letter, Ex. 1, Pl.'s Opp'n to Mot. to Dismiss [#9-1] (emphasis added).

While Attorney Murray's unfortunate choice of words implies that Plaintiff's Second Amended Complaint had been forwarded to HHS for exhaustion of the administrative claim procedure, the court cannot find that an administrative claim has been constructively submitted to HHS. To be properly presented, a claim submitted to the appropriate federal agency must contain a "sum certain." 28 C.F.R. §14.2(a) ("For purposes of the provisions of 28 U.S.C. §2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident, accompanied by a claim for money damages in a sum certain . . ."). Presentment of the claim, and the inclusion of a sum certain, are prerequisites to the court's jurisdiction. Corte-Real v. United States, 949 F.2d 484, 485-86 (1st Cir. 1991) ("The requirements that a claimant timely present a claim, in writing, stating a sum certain are prerequisites to a federal court's jurisdiction to entertain a suit against the United States under the FTCA."); Kokaras v. U.S., 980 F.2d 20, 22 (1992) ("This court has consistently held that a timely-presented claim stating a sum certain is necessary for a court to have jurisdiction to entertain a suit against the United States under the FTCA."). Here, Plaintiff's Second Amended Complaint, does not contain a sum certain. Sec. Am. Compl., Ex. 3, Notice of Removal [#1-3]. Thus, even if the Second Amended Complaint had been submitted directly to HHS, it would still not meet the jurisdictional requirements of exhaustion under 28 U.S.C. § 2675 and 28 C.F.R. 14.2(a).

For the foregoing reasons, the Motion to Dismiss Count VIII [#7] is GRANTED without prejudice to seeking leave to reassert such claim after exhaustion of the claim procedure. See 28

U.S.C. § 2679(d)(5)(A), (B).  Lacking subject matter jurisdiction over the remaining claims, the case is REMANDED to Norfolk Superior Court.

    IT IS SO ORDERED.

June 21, 2016                                             /s/ Indira Talwani
                                                           United States District Court